# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE D. NEWMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES D. HARTLEY, et al.,<br><br>    Defendants. | Case No.  1:11-cv-01008-SAB<br><br>ORDER SCREENING COMPLAINT AND DISMISSING PLAINTIFF'S CLAIMS, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM<br><br>ECF NO. 1 |

## I.

## INTRODUCTION

Plaintiff Tyrone D. Newman ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the original complaint in this action on June 17, 2011.  (ECF No. 1.)

For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state any cognizable claims.  The Court will dismiss Plaintiff's claims with leave to amend.

## II.

## SCREENING

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

1  legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or
2  that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. §
3  1915(e)(2)(B).

4      A complaint must contain "a short and plain statement of the claim showing that the
5  pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not
6  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
7  conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell
8  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate
9  that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v.
10 Williams, 297 F.3d 930, 934 (9th Cir. 2002).

11     Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings
12 liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d
13 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be
14 facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer
15 that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss
16 v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant
17 has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's
18 liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572
19 F.3d at 969.

## III.

## PLAINTIFF'S COMPLAINT

22     The events described in Plaintiff's complaint took place while he was housed at Avenal
23 State Prison ("ASP") in Avenal, California.  Plaintiff names James D. Hartley (warden), Doe #1
24 ("water operations director"), the California Department of Corrections and Rehabilitation
25 ("CDCR"), and Doe #2 ("individual in charge of prison water facilities ... at all California
26 prisons") as defendants in this action (all defendants collectively referred to as "Defendants").

27     Plaintiff alleges that his rights under the Eighth Amendment were violated due to the
28 living conditions at ASP.  Plaintiff alleges that he suffered stomach pains and diarrhea due to

sewage flooding and excessive levels of arsenic in the drinking water.

Plaintiff alleges that the bathrooms at ASP were flooded on a regular basis with toilet water and feces due to poor plumbing equipment. (Compl. 4.) Plaintiff further alleges that prison officials were notified of these conditions through work orders placed by other officers, but chose to perform sub-standard "patch maintenance." (Compl. 4.) Plaintiff further alleges that the unsanitary conditions caused tension among inmates which lead to outbursts of violence. (Compl. 5.) Plaintiff contends that he developed a fear of germs and fear of contracting diseases such as Hepatitis C and AIDS. (Compl. 5.) Plaintiff also was treated for blood in his stool and diarrhea, which was allegedly caused by the unsanitary conditions and drinking water that contained rusted steel particles that damaged Plaintiff's intestinal tract. (Compl. 5.)

Plaintiff further alleges that "the[re] is a very good chance [the drinking water] contains excessively high levels of arsenic." (Compl. 6.) Plaintiff cites an exhibit which appears to be a news article describing excessive arsenic levels at Kern Valley State Prison. (Compl. Ex. A.)

## IV.

## DISCUSSION

### A.   Eighth Amendment Claims

Plaintiff contends that Defendants violated his rights under the Eighth Amendment against cruel and unusual punishment. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious.'" Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citations omitted). Second, "a prison official must have a 'sufficiently culpable state of mind.' [Citations.] In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety." Id. A prison official acts with "deliberate indifference" if:

> the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Id. at 837.

Plaintiff contends that the conditions at ASP were unconstitutional for various reasons related to the plumbing and drinking water at ASP. While some of these reasons may be sufficiently serious to satisfy the objective prong of an Eighth Amendment violation, such as the allegations pertaining to sewage flooding, Plaintiff's complaint does not state sufficient facts to support the conclusion that the drinking water at ASP was contaminated with excessive levels or arsenic. Plaintiff's allegations concerning the arsenic levels in the drinking water are based upon a newspaper article citing excessive arsenic levels at Kern Valley State Prison, a completely different prison facility from ASP. There is no plausible basis to conclude that the drinking water at ASP suffers from the same problems as the drinking water at Kern Valley State Prison. Accordingly, the Court finds that Plaintiff's contentions concerning the arsenic levels in the drinking water at ASP are not sufficiently supported by plausible factual allegations.

Similarly, Plaintiff's allegations concerning the outbursts of violence allegedly triggered by the plumbing conditions are not supported by sufficient facts. Plaintiff fails to allege any facts which plausibly explain why plumbing issues would cause other inmates to assault Plaintiff.

Plaintiff also fails to allege facts that plausibly support the conclusion that any of the individuals named as defendants in this action acted with deliberate indifference to inmate health or safety. Plaintiff's complaint only contains conclusory and abstract allegations that "prison officials" knew about the unsanitary conditions at ASP. However, Plaintiff must provide allegations specific to each individual defendant demonstrating how each defendant, through his own individual actions, violated Plaintiff's Eighth Amendment rights. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). In other words, Plaintiff must allege facts that specifically and plausibly demonstrate how each person named as a defendant in this action learned about the excessive risk to Plaintiff's health and safety. Abstract allegations that some unidentified prison officials were aware of the risk are insufficient to state a claim against the specific individuals named as defendants in this action.

/ / /

Plaintiff must also allege facts specific to each individual defendant that plausibly support the conclusion that each individual defendant's response to the unsanitary conditions was deliberately indifferent. In this case, it is unclear whether any individual defendant's response was deliberately indifferent because it is unclear when or how they became aware of the unsanitary conditions. Plaintiff also does not allege any facts that plausibly support the conclusion that any of the Defendants were aware that the plumbing issues posed an excessive risk of inmate violence. Moreover, as noted above, Plaintiff's allegations pertaining to the possibility of excessive levels of arsenic do not appear to be supported by sufficient facts. Accordingly, if Plaintiff's claims are based upon Defendants' deliberate indifference response to the arsenic issue, Plaintiff fails to state any cognizable claims. Plaintiff alleges that he continues to be subjected to substandard drinking water, but it is unclear if Plaintiff is referring to the arsenic issue or the other issues related to the sewage and plumbing at ASP. To the extent that Plaintiff is referring to the arsenic issue, Defendants' response does not appear to be deliberately indifferent.

It is also worth noting that Plaintiff attaches a number of administrative appeals to his complaint and contends that these appeals demonstrate the issues of sanitation, poor plumbing and contaminated drinking water. One series of appeals concerns "poor air quality" due to dirt around the air ducts. Since this is not an issue raised in Plaintiff's complaint, it has no clear relevance to the claims raised in this action. Another series of appeals concerns the lack of hot water in the showers. To the extent that the hot water issue is related to Plaintiff's complaints regarding the plumbing, the prison officials' response to these appeals suggest that they did not act with deliberate indifference. Plaintiff filed a complaint regarding the hot water issue and prison officials undertook efforts to fix the problem. Nothing in Plaintiff's complaint supports the conclusion that any prison officials' response to the issue was deliberately indifferent.

For the foregoing reasons, Plaintiff's complaint fails to state any cognizable Eighth Amendment claims.

/ / /

/ / /

### B. Claims Against CDCR

Plaintiff names CDCR as a defendant in this action. However, as a state agency, CDCR is immune from suit under the Eleventh Amendment. Brown v. California Dept. of Corrections, 554 F.3d 747, 752 (9th Cir. 2009).

Plaintiff's claims against CDCR may be viable to secure prospective relief from an ongoing violation of federal law. See Children's Hosp. and Health Center v. Belshe, 188 F.3d 1090, 1095 (9th Cir. 1999). However, Plaintiff's complaint does not state any cognizable claims for prospective relief, such as declaratory relief or injunctive relief. The Court's records indicate that Plaintiff has been released from prison. "[W]hen a prisoner is moved from a prison, his action [for injunctive relief] will usually become moot as to conditions at that particular facility." Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001). Since Plaintiff is no longer subjected to the allegedly unconstitutional conditions of confinement, any request for injunctive or declaratory relief would be moot. Therefore, Plaintiff's complaint does not state any cognizable claims against CDCR.

## V.

## CONCLUSION AND ORDER

For the reasons set forth above, the Court finds that Plaintiff's complaint fails to state any cognizable claims. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. at 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes all prior complaints, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, dated June 17, 2011, is dismissed for failure to state a claim upon which relief may be granted;
3. If Plaintiff wishes to amend, he must file an amended complaint within **thirty (30) days** from the date of service of this order; and
4. If Plaintiff fails to file an amended complaint, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **August 2, 2013**

UNITED STATES MAGISTRATE JUDGE